## SESSIONS et al. v. SANDERS et al.
### (No. 1872.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 28, 1917. On Motion for Rehearing, Jan. 3, 1918.)

1. BILLS AND NOTES ⬤⇒525—GOOD FAITH—EVIDENCE.

In an action to cancel a deed given by plaintiffs on part of their homestead, and to restrain a sale under a vendor's lien, reserved in a note for the purchase price assigned to defendants, evidence *held* to require a finding that the holder of the vendor's lien note knew that such conveyance was part of a scheme to obtain the payment of an antecedent debt, and that he was therefore not an innocent holder for value.

#### On Motion for Rehearing.

2. APPEAL AND ERROR ⬤⇒1175(1)—DISPOSITION OF CAUSE—FINAL JUDGMENT.

In an action to cancel a deed on part of plaintiffs' homestead, and to restrain foreclosure of a vendor's lien thereon, reserved in a note assigned to defendant, where judgment refusing relief against the holder of the note is reversed on facts showing plaintiffs are entitled to the relief asked, judgment will be entered without remand to enable defendant to recover a personal judgment on the note; no such relief having been demanded, and the trial court having no jurisdiction thereof.

3. JUDGMENT ⬤⇒590(4) — CONCLUSIVENESS — MATTERS NOT IN ISSUE.

A decree canceling a deed for part of plaintiffs' homestead and enjoining the assignee of a vendor's lien note from selling the property will not bar an action at law on the note, where personal liability on the note was not litigated.

Appeal from District Court, Cherokee County; L. D. Guinn, Judge.

Action by Laura Sessions and others against Armistead Sanders and others. Judgment for defendants, and plaintiffs appeal. Reversed and rendered.

John C. Box, of Jacksonville, for appellants. Norman, Shook & Gibson, of Rusk, for appellees.

HODGES, J. [1] In 1914 Laura Sessions owned in her separate right a tract of land of less than 200 acres, which she and her husband, Owen Sessions, occupied as a homestead. Both of them were aged negroes, and appear to have had little property besides this tract of land. In November, 1914, Laura and her husband executed a deed conveying to Armistead Sanders, a relative, 76 acres of the homestead tract for a cash consideration of $10, and a note for $375, payable one year after date, in which the vendor's lien was retained. This note passed by assignment to the appellee T. S. Hatton, who later filed suit thereon and sought a foreclosure of

the vendor's lien therein retained. In due course of time a judgment was rendered on the note in Hatton's favor and for a foreclosure of the lien. Sessions and his wife were not parties to that suit, and claimed that they knew nothing of its existence until some time after a judgment had been rendered. Before any order of sale was issued on that judgment they instituted this suit against Armistead Sanders and T. S. Hatton and the sheriff of Cherokee county. In it they asked that the deed theretofore made by Sessions and his wife to Armistead Sanders be canceled, and that the sale of their land under the decree foreclosing the vendor's lien in favor of Hatton be enjoined. They sought this relief upon the ground that the transaction in which the note and deed originated was a device to incumber a part of their homestead with a mortgage- to secure the payment of a pre-existing debt due from Owen Sessions to Hatton, which was well known to Hatton and in which he took part. They allege that they were old and ignorant and unfamiliar with such affairs, and did not understand the nature of the transaction. In a trial before the court without a jury a judgment was rendered canceling the deed from Sessions and wife to Sanders, but the court refused to restrain the enforcement of the judgment. In substance the court finds that the property in controversy was the homestead of Sessions and wife; that the deed and note referred to were executed in pursuance of a scheme to incumber the homestead to secure the payment of a debt to Hatton, but that Hatton was not a party to that scheme and was an innocent holder of the note for value, and for that reason was entitled to be protected in his lien. The appellants Sessions and wife appeal from that portion of the judgment which refused the relief sought against Hatton; they claim that the evidence was of such character that the court should have granted all the relief prayed for.

The court having found that the property in controversy was a part of the homestead of the appellants, and that the execution of the note and deed was a device for mortgaging the homestead for the payment of the debt due Hatton, a failure to enjoin the enforcement of the judgment can be sustained only upon the ground that Hatton was justifiably ignorant of the intention of the parties. We are of the opinion that the state of the evidence is such as to show that Hatton either knew the true nature of this transaction, or was familiar with circumstances which clearly indicated the purpose of the parties. The undisputed testimony shows that the appellants' tract of land consisted of less than 200 acres, that Owen Sessions was indebted to Hatton in the sum of $375, and that Hatton was pressing him for the payment of the debt. Sessions had proposed a lease or some kind of a device by which

to secure Hatton, but Hatton had informed him that nothing less than an absolute conveyance of the property would be valid. The evidence shows that Hatton devised the plan of having Sessions convey the land to Sanders and Sanders execute the note which was given in consideration of the conveyance. It was further shown that Hatton alone selected the quantity of land that was to be conveyed, designated the lines, and determined what the price should be, without any conference or agreement with Sanders; that he furnished the sum of $10, which was paid as a cash consideration; that he had the note and deed prepared by an attorney, who acted upon his instructions alone; that he had an assignment of the note prepared from Sessions to himself, and then sought the parties and had the papers executed according to his own dictation. When he repaired to the place where the papers were to be signed he found that Sanders was not there; he took the trouble to go out and hunt him up and bring him there. He knew that Sanders did not know how much land he was buying, nor how much he was to pay for it. The evidence also tends strongly to show that Hatton knew that Sessions and his wife were to remain in the undisturbed possession of the property. When the note matured he never even demanded payment of Sanders, but instituted a suit for the purpose of foreclosing his lien. He admitted on cross-examination that in consummating the transaction he was looking after getting enough land to secure his debt. It is inconceivable that a man of ordinary intelligence, occupying the situation that Hatton did, as familiar as he was with the condition of the parties and every detail of the transaction, could have been duped into believing that the conveyance from Sessions and wife to Sanders was a bona fide sale of the land.

We are always reluctant to disturb the judgment of a trial court upon issues of fact, but in this instance we think the state of the evidence is such that it is our duty to reverse this ruling and render judgment for the appellants; and it is accordingly so ordered.

### On Motion for Rehearing.

[2, 3] Appellee T. S. Hatton has filed a motion for rehearing, in which he asks that this case be remanded instead of judgment being here rendered. This modification in the order of this court is sought upon the ground that appellee Hatton, if not entitled to a lien upon the premises referred to, is entitled to a personal judgment against Sessions and his wife for the amount of the original indebtedness. This suit was one for the purpose of enjoining the sale of the premises described, and to cancel the deed which it was alleged was designed as a mortgage. No personal judgment is sought against the appellants in that proceeding; in fact, in the absence of a lien, the district court would

be without jurisdiction to render a personal judgment against the appellants for the amount sued for. The judgment rendered by this court will have no effect upon the right of the appellee Hatton to institute proper proceedings for the purpose of recovering a personal judgment against the appellants in a court of competent jurisdiction.

The motion for rehearing is overruled.